UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAHI KHOSHIKO, et al.,

       Plaintiffs,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as TRUSTEE FOR RALI
2006QS18,

       Defendant.
_____/

Civil Case No. 12-CV-14717

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. 2)**

### I. INTRODUCTION

Plaintiffs Bahi and Ibtisam Khoshiko filed suit in Oakland County Circuit Court to set aside the foreclosure sale of their home, alleging that Defendant Deutsche Bank Trust Company Americas committed various statutory violations in the foreclosure proceedings. Defendant removed the case premised on diversity jurisdiction and filed a motion to dismiss (Dkt. 2), which is now before the Court. Plaintiff filed a response (Dkt. 9), Defendant filed a reply (Dkt. 11), and oral argument was heard on April 18, 2013. Afterward, the parties submitted supplemental briefs (Dkts. 12, 13, and 14). For the reasons set forth below, the Court grants Defendant's motion.

### II. BACKGROUND

This case involves residential property located at 4990 Knollcrest Court, Commerce Township, Michigan 48382. Compl. ¶ 4 (Dkt. 1-2). On November 14, 2006, Plaintiffs received a mortgage loan for $360,000, executing a promissory note and granting a mortgage on the

property to Mortgage Electronic Registration Systems, Inc. ("MERS"). Mortg. (Dkt. 2-2). On November 14, 2008, MERS assigned the mortgage to Deutsche Bank Trust Company ("Deutsche Bank"). Compl. ¶ 13. On August 11, 2011, Deutsche Bank assigned the mortgage to Defendant Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS18. Id. ¶ 14.

Plaintiffs failed to make payments as required and defaulted on the mortgage. Defendant foreclosed by advertisement on April 17, 2012. Sheriff's Deed (Dkt. 2-5). The statutory six-month redemption period was set to expire on October 17, 2012. See id.

On October 12, 2012, Plaintiffs filed their complaint in Oakland County Circuit Court. The complaint asserted five counts against Defendant: (i) quiet title, (ii) illegal foreclosure by advertisement, (iii) lack of capacity, (iv) "breach of MCL [§] 600.3205," and (v) injunctive relief to prevent the expiration of the redemption period. The Oakland County Circuit Court granted a temporary restraining order that extended the redemption period until October 31, 2012. Defendant timely removed this case on October 24, 2012 and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. ANALYSIS

Defendant asserts that Plaintiff has failed to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing such a motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but "need not accept as true legal conclusions or unwarranted factual inferences." Hunter v. Sec'y of U.S. Army, 565 F.3d 986, 992 (6th Cir. 2009) (quotation marks omitted). While the Court may not go beyond the pleadings in analyzing a complaint under Rule 12(b)(6), a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Documents, such as a mortgage, "that a defendant attaches to a motion to dismiss are considered part of the

pleadings if they are referred to" in the plaintiffs' complaint and are central to their claims. Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001).

In examining the complaint and the parties' arguments, the Court addresses Plaintiffs claims in the following order: first, the Court analyzes the alleged breach of a mortgage foreclosure statute, Mich. Comp. Laws § 600.3205c, relevant to Counts I and IV; next the Court discusses the lack of capacity claims of Counts II and III; finally, the Court considers the claim for injunctive relief in Count V.

### A. The Alleged Breach of the Foreclosure Statute (Counts I and IV)

In its motion, Defendant argues for dismissal of Plaintiffs' claims for quiet title (Count I) and the alleged breach of a Michigan mortgage foreclosure statute, Mich. Comp. Laws § 600.3205c (Count IV). Def.'s Mot. at 11-14. Among its many arguments, Defendant asserts that both claims rest on an alleged violation of § 600.3205c, yet Plaintiffs do not seek the exclusive relief that the foreclosure statute provides – conversion of a foreclosure by advertisement to a judicial foreclosure. Def.'s Supp. Br. at 3 (Dkt. 13).[1]

In response, Plaintiffs do not address the exclusive remedy argument. Instead, they contend that they never received appropriate documentation from Defendant for a loan modification required by Mich. Comp. Laws § 600.3205c. Pl.'s Resp. at 6. According to

---

[1] Defendant makes three other arguments. Defendant argues that Plaintiffs' quiet title claim fails because Plaintiffs have not alleged facts establishing superiority of title. Def.'s Mot. at 13. Defendant also asserts that Plaintiffs have unclean hands because they failed to pay their mortgage loan debt. Def.'s Mot. at 14. Defendant further argues that the foreclosure sale was proper and that, even if the foreclosure was improper, Plaintiffs' interest would still be subordinate to the valid mortgage. Def.'s Reply at 6 (Dkt. 11). Because the Court dismisses Count I and Count IV on the grounds that Plaintiffs do not seek the relief provided for a violation of § 3205c, the Court does not reach these arguments. Similarly, because Plaintiffs' claims lack merit, the Court does not reach Defendant's standing and laches arguments. See Def.'s Mot. at 5-9.

Plaintiffs, without compliance with § 3205c, the foreclosure amounts to a violation of due process for the deprivation of property under the U.S. and Michigan Constitutions. Id. at 7.

The Court agrees with Defendant. Section 3205c establishes a process for the facilitation of a loan modification as part of the foreclosure process. In pertinent part, § 3205c requires the mortgagee to provide a mortgagor with (i) a copy of any calculations made to determine a loan modification, and (ii) if requested by the mortgagor, "a copy of the program, process, or guidelines under which the determination" for a loan modification was made. § 3205c(5)(a)-(b). "If a [mortgagee] begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." Id. § 3205c(8).

The Sixth Circuit has held that Mich. Comp. Laws § 600.3205c provides specific relief. "[W]hen triggered, [§ 3205c] allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure." Smith v. Bank of Am. Corp., 485 F. App'x 749, 756 (6th Cir. 2012).

As noted above, Plaintiffs premise their quiet title claim in Count I upon the alleged violation of § 3205c – the same predicate to the breach of Mich. Comp. Laws § 600.3205c set forth in Count IV. Compl. ¶¶ 52-56. But as Defendant points out, Plaintiffs have conceded that "they did not request a judicial foreclosure and confirmed at the hearing . . . that they remain uninterested in such relief." Def.'s Supp. Br. at 3 (Dkt. 13). Upon review of the transcript, Defendant is correct. The transcript contains this exchange from the hearing:

> The Court: Well, let me ask you at this point is your client asking for a judicial foreclosure?
>
> Plaintiffs' Counsel: No. No.

4/18/2013 Hr'g Tr. at 3 (Dkt. 15).

4

Therefore, even if Defendant failed to comply with § 3205c by sending Plaintiffs mortgage loan modification calculations and a copy of the program, the only remedy for Plaintiffs would have been to convert the foreclosure by advertisement to a judicial foreclosure. § 3205c(8); Smith, 485 F. App'x at 756. Because Plaintiffs eschew the only relief that the allegedly violated statute provides, they have failed to state a claim for relief.

Accordingly, the Court dismisses Plaintiffs' claims for quiet title (Count I) and breach of § 600.3205c (Count IV).[2]

### B. Claims for Lack of Capacity (Counts II and III)

Plaintiffs also assert a claim for "illegal foreclosure by advertisement" (Count II), Compl. ¶¶ 37-46, and a claim for "Lack of Capacity/Ownership/Privity" (Count III), Compl. ¶¶ 47-51. Although the allegations are far from clear, these claims appear to allege an invalidity in the assignment of the mortgage to Defendant because Defendant is a trustee for a trust and Defendant has allegedly "failed to establish that it has followed the terms of the PSA" or "securitized trust" and that the "closing date" of the trust was in 2006. Compl. ¶¶ 42, 49.[3] The

---

[2] Furthermore, the Court rejects Plaintiffs' argument that the foreclosure violated their due process rights. To state a due process claim, a plaintiff must allege some form of state action because the due process clause "protects individuals only from governmental and not from private action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982). A person qualifies as a state actor only if his actions are fairly attributable to the state. Id. at 937. The same framework applies for a due process claim under Michigan's constitution. Donahoo v. Household Fin. Corp., 472 F. Supp. 353, 354-355 (E.D. Mich. 1979) ("It is well settled that the due process clauses of both the federal and Michigan constitutions apply only to those situations in which there is sufficient involvement of the state in the action complained of to justify treating the action as that of the state itself."). Plaintiffs have not alleged, and cannot show, that the Defendant was a state actor.

[3] The terms used in the allegations add to the opacity of Count II and III. Plaintiffs do not define the acronym "PSA" in the complaint or in their briefing. "PSA" probably refers to a "Pooling and Servicing Agreement," which was most likely used for transactions to transfer assignments to the trust in this case and which was required to be filed with the Securities and Exchange Commission. See Donaldson v. U.S. Bank Nat'l Ass'n, No. 12-13435, 2013 WL 4744805, at *3 (E.D. Mich. Sept. 4 2013) (defining the acronym PSA and discussing the use of such an

claim for "illegal foreclosure by advertisement" alleges that Defendant "does not have the legal authority, ownership, capacity or privity to maintain [Plaintiffs'] property" because Plaintiffs' mortgage was "transferred into the Trust on or about August 11, 2011, five years after the closing date which is a prerequisite to capacity." Compl. ¶¶ 43-44. The claim in Count III for "Lack of Capacity/Ownership/Privity" repeats, almost verbatim, the claim for "illegal foreclosure by advertisement," alleging that Defendant does "not have the legal authority, capacity or privity to maintain the subject property." Compl. ¶ 51.

Defendant's brief attacks Counts II and III by arguing that, because Defendant was the mortgagee of record, Defendant "was entitled to foreclose the [m]ortgage." Def.'s Mot. at 10. Defendant asserts that the mortgagee's power to foreclose is not affected by an "unrecorded assignment of interest held for security" or by securitization. Id. at 11; Def.'s Reply at 3.

Despite the lack of clarity in Plaintiffs' argument, the Court concludes that Plaintiffs' claims in Counts II and III fail. Under Michigan law, the mortgagee of record has the power to foreclose. Residential Funding Co., L.L.C. v. Saurman, 805 N.W.2d 183, 184 (Mich. 2011). In Saurman, the Michigan Supreme Court ruled that an entity that held the mortgage, but not the note, could foreclose under Michigan's foreclosure-by-advertisement statute. Id. In rendering its decision, the court explained that "[i]t has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not been in the same hands. The choice of a mortgagee is a matter of convenience." Id. (internal quotation marks and alteration omitted).

---

agreement). Plaintiffs also allege that their mortgage was not assigned to the trust prior to the trust's "closing date," but Plaintiffs fail to define "closing date." Nor do they allege what that date supposedly was, or how they know their mortgage was not deposited with the trust prior to that date.

6

The Sixth Circuit has followed Saurman, affirming the principle that the mortgagee of record is entitled to foreclose a mortgage "despite not owning the underlying debt." Hargrow v. Wells Fargo Bank N.A., 491 F. App'x 534, 537 (6th Cir. 2012). Furthermore, the Michigan courts have rejected arguments asserting that the mortgagee of record cannot foreclose because of "securitization" or "lack of capacity." See, e.g., Mitchell v. PHH Mortg. Corp., No. 306633, 2013 WL 331567, at *4 (Mich. Ct. App. Jan. 29, 2013) (rejecting the plaintiff's argument that the foreclosure sale was invalid because the plaintiffs did not consent to the "MERS securitization process" and holding that a "mortgagee of record is entitled to foreclose by advertisement under MCL 600.3204(1)(d)"); Staley v. Bank of New York Mellon, No. 12-14784, 2013 WL 639181 (E.D. Mich. Feb. 21, 2013) (rejecting highly similar, if not identical, claims of illegal foreclosure by advertisement and lack of capacity asserted against the mortgagee of record). See also Gregory v. CitiMortgage, Inc., 890 F. Supp. 2d 791, 800 (E.D. Mich. 2012) ("Attempts to base claims on the securitization of a mortgage and the alleged separation of the mortgage and note have not been well received by courts around the country.").

Here, according to the documents attached by both Plaintiff and Defendant, Defendant was the mortgagee of record. Assignment of Mortg. (Dkt. 7-6); Sheriff's Deed (Dkt. 2-4). Therefore, Defendant has presented uncontroverted evidence of its capacity to foreclose by advertisement.

Plaintiff's response brief woefully fails to devlop a viable counterargument. The section of Plaintiffs' response brief addressing the lack of capacity claims consists of four pargraphs. The first paragraph merely repeats the allegations of the complaint and does not respond to Defendant's arguments. Pl.'s Resp. at 10-11. In the second paragraph, Plaintiff conclusorily argues that Defendant did not have "privity" with Plaintiffs because Defendant "lacked capacity

7

to purchase the subject property." Id. at 11. The third and fourth paragraphs reiterate allegations that the trust closed in 2006, so that it could not accept Plaintiffs' mortgage in 2011, and that this apparently constituted irregularities and the use of false documents. Id. Plaintiffs do not direct the Court to any authority about the status of Defendant as a trust or its ability to accept assignments of mortgages, do not dispute that Defendant was the mortgagee of record, do not develop the privity argument, and appear to concede Defendant's securitization argument. Therefore, Plaintiffs have failed to raise a triable issue of fact regarding Defendant's capacity to foreclose.

Accordingly, the Court dimisses Counts II and III of the complaint.

### C. Injunctive Relief

In Count V of the complaint, Plaintiffs seek injunctive relief. Under Sixth Circuit law, a district court must consider and balance four factors in deciding whether to grant injunctive relief: (i) the moving party's likelihood of success on the merits; (ii) the moving party's likelihood of suffering irreparable injury absent the injunction; (iii) the requested injunction's potential for causing substantial harm to others; and (iv) the degree to which the injunction would serve the public interest. Wonderland Shopping Ctr. v. CDC Mortg. Capital, 274 F.3d 1085, 1097 (6th Cir. 2001).

In weighing the factors to grant injunctive relief, Plaintiffs have no chance of success on the merits because their claims lack merit. This weighs virtually dispositively in favor of not granting relief. Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."). See also Simpkins-Ways v. Fidelity Bank, No. 12–15061, 2012 WL 6000796 (E.D. Mich. Nov. 30, 2012) (refusing to grant injunction because plaintiff could

not succeed on merits in quiet title action). With regard to the other three factors, Plaintiffs have not alleged that they will suffer irreparable injury. The parties do not address the harm to others or the public interest factors in a meaningful way, but whatever interest these factors present does not overcome Plaintiffs' inability to succeed on the merits.

Accordingly, the Court dismisses Count V of the complaint.

## IV. CONCLUSION

For the reason stated above, the Court grants Defendant's motion to dismiss (Dkt. 2) and dismisses Plaintiff's complaint with prejudice.

SO ORDERED.

Dated: September 23, 2013            s/Mark A. Goldsmith
Flint, Michigan            MARK A. GOLDSMITH
           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2013.

           s/Deborah J. Goltz
           DEBORAH J. GOLTZ
           Case Manager