UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAHI KHOSHIKO, et al.,

       Plaintiffs,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as TRUSTEE FOR RALI
2006QS18,

       Defendant.
_____/

Civil Case No. 12-CV-14717

HON. MARK A. GOLDSMITH

## OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. 18)

The matter before the Court is Plaintiffs' motion for reconsideration and supporting brief (Dkt. 18), filed after the Court granted Defendant's motion to dismiss. See 9/23/2013 Order (Dkt. 16). Plaintiffs' sparse brief consists of the following two-sentence argument: "In the case at bar, Mediation was never considered. Since this is a Quite Title action that involved home foreclosure and a Loan Modification this action is ripe for mediation in order to give the Plaintiffs an opportunity to retain their home." Pl.'s Br. at 1.

Under the Court's Local Rules, the court will not grant a motion for reconsideration that merely presents "the same issues ruled upon by the court, either expressly or by reasonable implication." Id. The movant must (i) demonstrate a "palpable defect" by which the court and the parties have been "misled," and (ii) show "that correcting the defect will result in a different disposition of the case." E.D. Mich. L. R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest, or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). Furthermore, a "motion for reconsideration is not a vehicle to re-hash

old arguments, or to proffer new arguments or evidence that the movant could have presented earlier." Gowens v. Tidwell, No. 10-10518, 2012 WL 4475352, at *1 (E.D. Mich. Sept. 27, 2012) (citing Sault St. Marie v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)); Owner-Operator Indep. Drivers v. Arctic Express, Inc., 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) ("Motions for reconsideration do not allow the losing party . . . to raise new legal theories that should have been raised earlier.").

Here, Plaintiffs argue that mediation was never considered in this case, supporting their argument by attaching two mediation orders issued pursuant to Federal Rule of Civil Procedure 16(c)(2)(P) in other cases. But Plaintiffs fail to direct the Court to a palpable defect in its order granting Defendant's motion to dismiss. Additionally, Plaintiffs' response to Defendant's motion to dismiss and two supplemental briefs, Plaintiffs never asserted an argument seeking mediation, and a motion for reconsideration is an improper vehicle to raise new arguments. Arctic Express, 288 F. Supp. 2d at 900. Furthermore, even if Plaintiffs had sought mediation under Fed. R. Civ. P. 16(c)(2)(P), the decision to order mediation lies within the discretion of the district court. See In re NLO, Inc., 5 F.3d 154, 157-158 (6th Cir. 1993) (stating that district courts "unquestionably have substantial inherent power to manage their dockets" in context of issuing orders pursuant to Fed. R. Civ. P. 16); C & A Const. Co. v. DHC Development, 501 F. App'x 763, 778 (10th Cir. 2012) ("Obviously, a district court may . . . 'facilitat[e] in other ways the just, speedy, and inexpensive disposition of the action.'") (quoting Fed. R. Civ. P. 16(c)(2)(P)).

Accordingly, the Court denies Plaintiffs' motion for reconsideration (Dkt. 18).

SO ORDERED.

Dated: October 17, 2013                  s/Mark A. Goldsmith
       Flint, Michigan                   MARK A. GOLDSMITH
                                             United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2013.

                                              s/Deborah J. Goltz
                                              DEBORAH J. GOLTZ
                                              Case Manager